UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Myeshia Higgins,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 1:24-cv-2156 |
| | ) |
| **Firstsource Advantage, LLC,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AND REGULATION F

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Hahn vs. Triumph Partnerships, LLC, 557 F.3d 755, 758 (7th Cir. 2009).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Brett Pickett, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Rozlin Financial Group, Inc. (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 1628 DeKalb Ave, Sycamore, IL 60178.

14. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendants cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendants at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. Prior to October 29, 2024, the Plaintiff retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

26. On October 29, 2024, the Plaintiff filed for bankruptcy protection under Title 11, Chapter 7, of the United States Code, bankruptcy case number 24-05841-JMC-7. *See Exhibit "2" attached hereto*.

27. The Plaintiff's bankruptcy petition contained a list of schedules and debts.

28. The debt that the Defendant had been had been attempting to collect was listed on the Plaintiff's Schedule F of her bankruptcy petition.

29. The Bankruptcy Noticing Center sends electronic notice of bankruptcy cases to those entities listed on the Plaintiff's bankruptcy petition that have signed up for that service. The Defendant is one such entity.

30. On October 31, 2024, the Bankruptcy Noticing Center sent electronic Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, to the Defendant. *See Exhibit "2" attached hereto*.

31. The Notice of Bankruptcy sent by the Bankruptcy Noticing Center contains the following: "**This notice has important information about the case for creditors, the debtor, and trustees, including information about the meeting of creditors and deadlines… (emphasis in original).** The filing of the case imposed an automatic stay against most collection activities. This means that Creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees." *See Exhibit "2" attached hereto*.

32. The Notice of Bankruptcy also notified the Defendant that the Plaintiff had retained legal representation for her debts, in addition with providing the contact information for said representation. *See Exhibit "2" attached hereto*.

33. Upon information and belief, Defendant received the aforementioned Notice of Bankruptcy on October 31, 2024. *See Exhibit "2" attached hereto*.

34. Therefore, the Defendant knew that the Plaintiff not only had retained legal counsel for the debt it was attempting to collect, but had said counsel's contact information.

35. The Defendant, after knowing not only that the Plaintiff had retained legal counsel for this debt, but that she had filed for bankruptcy protection, sent an email directly to Plaintiff in an attempt to collect a debt--an act it could not do because of the automatic stay of the Bankruptcy Court.

36. The Defendant attempted to collect the alleged debt from the Plaintiff by sending an email directly to Plaintiff dated November 21, 2024. *See Exhibit "3" attached hereto*.

37. Furthermore, the Defendant engaged in harassing and unconscionable behavior by sending the Plaintiff the email after receiving notice of the automatic stay. *See Exhibit "3" attached hereto*.

38. The Defendant was attempting to collect a debt it was legally enjoined from collecting and Defendant misrepresented the legal status of the debt. Defendant has had sufficient time to update its systems and records to show that Plaintiff is involved in a bankruptcy case. *See, e.g.*, Herbert v. Monterey Financial Services, Inc., 863 F.Supp. 76 (D.Conn.

3

1994)(District Court ruling that five days was sufficient time for debt collection agency to update its system that the consumer had legal representation).

39. The Defendant misrepresented the legal status of the debt to the Plaintiff when it sent an email to Plaintiff in an attempt to collect a debt despite notice of the automatic stay of the U.S. Bankruptcy Court. Such conduct has a common law analog of misrepresentation, fraud, and deception.

40. As a result of Defendant's wrongful conduct, Plaintiff had to take time out of her day to review the email and send it to her attorney to ensure that the debt was included in her bankruptcy case. By doing so, this drained her cell phone battery and caused her cell phone to be used unnecessarily which gives Plaintiff standing to bring this case. *See* Etzel v. Hooters of America, LLC, 223 F.Supp.3d 1306 (N.D. Ga. 2016).

41. As a result of Defendant's wrongful conduct, Plaintiff had to take time out of her day to research this matter. *See* Leung v. XPO Logistics, Inc., 154 F.Supp.3d 1032, 1037 (7th Cir. 2015)("when a defendant's allegedly wrongful conduct costs the plaintiff time, the plaintiff has suffered an injury in fact"). *See also* Lako v. Portfolio Recovery Associates, 2021 WL 343632 (W.D. Wis. 2021).

42. As a result of Defendant's wrongful conduct, Plaintiff had to expend her financial resources on this matter; therefore, Plaintiff has standing to bring this action. *See* Brandt v. Vill. Of Winneka, Ills., 612 F.3d 647, 649 (7th Cir. 2011)("[b]ut standing may be conferred 'when a plaintiff suffers an actual or impending injury, no matter how small; hwen that injury is caused by defendant's acts"). *See also* Mack v. Resurgent Services, L.P., 70 F.4th 395 (7th Cir. 2023).

43. On December 4, 2024, as a result of Defendant's wrongful conduct, Plaintiff had their attorney send a letter to Defendant regarding this matter. *See Ex. 4 attached hereto*.

44. Defendant's violations of the FDCPA are material because, although Plaintiff had been informed by counsel and reasonably believed that she had the protection of the U.S. Bankruptcy Court against being contacted by creditors and debt collectors, Defendant's continued collection attempts would make the unsophisticated consumer believe that her bankruptcy filing had been futile and that she did not have the rights that Congress had granted to her under the FDCPA and U.S. Bankruptcy Code. Defendant's wrongful conduct constitutes an intrusion upon Plaintiff's seclusion and invasion of her privacy. Finally, because the debt at issue in this matter is disputed, Plaintiff has standing to bring this action. *See* Rex v. Chase Home Finance, LLC, 905 F.Supp.2d 1111, 1146 (C.D. Calif. 2012)("Defendant's argument fails because an Article III injury exists where there is a dispute between parties as to the amount one owes under a contract, regardless of whether that amount has been paid or not").

45. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**First Claim for Relief:**
**Violation of the FDCPA**

1. The allegations of Paragraphs 1 through 45 of the complaint are realleged and incorporated herewith by references.

2. The Defendant violated the FDCPA pursuant to 15 U.S.C. § 1692c by contacting the Plaintiff directly in an attempt to collect a debt when it had knowledge of legal representation.

3. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

4. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

5. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

6. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

### Second Claim for Relief:
### Violation of Regulation F

1. The allegations of paragraphs 1 through 45 of the complaint are realleged and incorporated herein by reference.

2. The Respondent's acts and omissions constitute a violation of 12 C.F.R. §1006.18(c )(2).

3. As a result of the above violations of the FDCPA, Respondent is liable to Claimant for actual damages, statutory damages of $1,000 per Respondent, attorney fees, and costs.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp & Associates
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Email:  john@johnsteinkampandassociates.com

Case 1:24-cv-02156-JPH-MKK   Document 1   Filed 12/06/24   Page 6 of 6 PageID #: 6